**IN THE UNITED STATES DISTRICT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANCHOR REMODEL LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 4:26-cv-605** |
| | ) | |
| | ) | |
| **vs.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ANCHOR H LLC and ANCHOR** | ) | |
| **HOMES LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Anchor Remodel LLC ("Anchor Remodel" or "Plaintiff") hereby submits its Complaint for monetary damages and injunctive relief against Defendants Anchor H LLC and Anchor Homes LLC (collectively, "Anchor Homes" or "Defendants"), and for its causes of action states as follows:

## NATURE OF THE ACTION

1. This is a civil action to enjoin and remedy unfair competition under the Lanham Act 15 U.S.C. § 1125 *et seq*., the willful infringement of trademarks under state statutory law under Mo. Ann. Stat. § 417.056 and Kan. Stat. Ann. § 81-213, as well as common law trademark infringement and unfair competition under Missouri and Kansas common law.

## PARTIES

2. Plaintiff Anchor Remodel LLC is a limited liability company organized under the laws of the State of Missouri with a principal place of business at 7411 NW 75th Terrace, Kansas City, Missouri 64152. Plaintiff is a contractor who provides comprehensive renovations including, but not limited to whole home remodels, kitchens, bathrooms,

additions, custom cabinets, and custom trim. Plaintiff owns intellectual property rights related to "Anchor Remodel" (the "Mark").

3.     Upon information and belief, Defendant Anchor H LLC is a limited liability company organized under the laws of the State of Missouri with a principal place of business at 1160 SW Pacific Circle, Lee's Summit, Missouri 64081. Upon information and belief, Defendant Anchor H LLC is a contractor who provides custom homes and full-service remodeling. Upon information and belief, Defendant Anchor H LLC operates under the name "Anchor Homes."

4.     Upon information and belief, Defendant Anchor Homes LLC is a limited liability company organized under the laws of the State of Kansas with a principal place of business at 12501 Antioch Road, Suite 103, Overland Park, Kansas 66213. Upon information and belief, Defendant Anchor Homes LLC is a contractor who provides custom homes and full-service remodeling. Upon information and belief, Defendant Anchor Homes LLC operates under the name "Anchor Homes."

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction of claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6.     This Court has personal jurisdiction over Defendants because:

   a. The causes of action asserted herein arise out of and relate to Defendants' purposeful contacts with the State of Missouri through the advertisement, sale, and performance of their services throughout the Kansas City Metro;

   b. Defendants regularly market and promote their business in the Kansas City Metro creating significant contacts with the State of Missouri;

c. Defendant Anchor H LLC is a registered Missouri entity who has transacted business and entered contracts within the State of Missouri, engaging in direct competition for customers and jobs with Plaintiff;

d. Upon information and belief, Defendant Anchor Homes LLC has intentionally solicited and performed work in Missouri, advertised to Missouri consumers, and derived substantial revenue from services rendered in Missouri;

e. As alleged below, Defendants have committed tortious acts of trademark infringement within the State of Missouri through the impermissible use of a trade name that is likely to cause, and has caused, confusion about the origin of Defendants' services and the affiliation between Plaintiff and Defendants;

f. Defendants' acts were targeted at Plaintiff, who operates in and is registered as an LLC in Missouri and, as a result, the brunt of the trademark infringement is felt in Missouri;

g. Jurisdiction over Defendants comports with the United States Constitution and the Missouri Long Arm Statute, Mo. Ann. Stat. § 506.500 because both Defendants have transacted business within Missouri, entered contracts within Missouri, and committed tortious acts within Missouri.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Anchor H LLC is a registered Missouri LLC and, on information and belief, both Defendants are under common ownership and operate jointly, and each Defendant is subject to personal jurisdiction in this District, such that each Defendant should be deemed to reside in Missouri for purposes of venue. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because both Defendants engaged in tortious activities of trademark infringement and unfair

3

competition through the advertisement, sale, and performance of services under a confusingly similar trade name within this District. Finally, a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A. Anchor Remodel's Services to Kansas City and the Surrounding Area.**

8. Anchor Remodel was formed on February 4, 2022, after lifelong friends Kyle Coelho and Andrew Tanner decided to start a construction and remodeling business with a focus on quality, customer service, and disciplined execution.

9. Since opening its doors, Plaintiff has consistently provided excellent work across the Kansas City metro area, on both sides of the state line.

10. Plaintiff's excellence has been recognized by the Professional Remodeling Collective, which named Anchor Remodel as a Gold All-Star and Silver All-Star winner in 2024.

11. The Anchor Remodel team has used this recognition and its commitment to high-quality craftsmanship to grow its brand recognition and consumer goodwill across Kansas City.

12. The Anchor Remodel brand has become recognized for high quality, full-service home remodeling at all levels. This includes kitchens, bathrooms, additions, and more. Many of these projects are featured in their portfolio on Plaintiff's website (https://anchorremodel.com/portfolio/):



### B. The Importance of Anchor Remodel's Mark.

13. In growing its business and expanding its customer base, Plaintiff's team has consistently worked to expand recognition of the Anchor Remodel name and the associated branding.

14. To ensure that it was properly protected, Plaintiff registered its Mark in Missouri, Missouri Trademark Registration No. S021892, Exhibit 1, and in Kansas, Kansas Trademark Registration No. 19778, Exhibit 2. These registrations establish Plaintiff's rights in the "Anchor Remodel" Mark and right to protect Plaintiff against others using confusingly similar marks in a manner that impermissibly benefits from the hard work and substantial

amount of time, money, and expertise invested by Mr. Coelho, Mr. Tanner, and the rest of the team to grow the brand.

15. Plaintiff has spent thousands of dollars to begin and sustain its business, with a significant amount of that expenditure devoted to marketing and the creation of goodwill.

16. Through these efforts, Anchor Remodel has established itself as a leading remodeler and construction contractor serving the Kansas City area in Missouri and in Kansas.

**C. The Confusion Created by "Anchor Homes."**

17. Plaintiff first used the Mark on February 4, 2022, before Defendants began offering its services under a confusingly similar name. After Plaintiff's first use, a new home remodel and construction contractor began operating in the same area under an almost identical name: Anchor Homes (the "Infringing Mark").

18. On information and belief, both the Missouri and Kansas entities operating as "Anchor Homes" are owned and operated by the same individuals, they advertise, sell, and perform services under the single name "Anchor Homes," and otherwise make no distinction between the entities registered in Missouri and Kansas.

19. In addition to using the "Anchor" name, Defendants also provide substantially similar services in Kansas City, Missouri and Kansas City, Kansas as well as surrounding areas, focusing on home remodeling and new construction. Defendants' portfolio is available on their website (https://www.anchorh.com/gallery):



20.     The portfolio of each company demonstrates the overlap between Plaintiff and Defendants, which extends beyond the use of the term "Anchor." Side by side, the portfolios look like they could be from the same company:

**ANCHOR REMODEL**                    **ANCHOR HOMES**





21.     Additionally, both companies target the Kansas City metro area, on both sides of the state line, creating ample opportunity for customer confusion:

**ANCHOR REMODEL**

High Standards.
Low Disruption.

*We renovate homes in Kansas City* with a process designed to remove uncertainty. Clear plans. Clear pricing. Clear updates.

Every day, you can see progress notes and photos in BuilderTrend, keeping you informed and confident without needing to ask. Weekly on-site meetings with your project manager and client relationship manager ensure you're connected to the team, decisions are clear, expectations are managed, and your home is respected throughout the process.

**ANCHOR HOMES**

This showcase is a work in progress, so be sure to check back often as we continue to update and expand our gallery. The leadership behind Anchor Homes has helped create more than 100 new construction homes, along with several high-end additions and remodels across the Kansas City metro on both sides of the state line.

22.     Defendants have also used the infringing domain name, anchorh.com, which is confusingly similar to Plaintiff's domain, anchorremodel.com.

23.     Both Plaintiff and Defendants operate in the same geographic area, providing comparable services, under virtually identical names, and marketing through the same channels, thereby creating significant customer confusion.

24.     The customer confusion is significant because Defendants are not connected, to affiliated with, or authorized by Plaintiff to use the Mark in any way. Defendants' use of "Anchor Homes" and its domain name are likely to cause confusion and to deceive customers and the public into believing that the companies or their services are the same or are related in some manner, such as by ownership or license.

25.     The typical consumers are ordinary homeowners exercising ordinary care in seeking a contractor. Based on this common transaction and the identical use of "Anchor" in each respective service name, a customer who uses a web search platform with the intention

of finding Anchor Remodel could easily end up contacting, hiring, and completing a project with Anchor Homes, without ever realizing the difference between the two companies.

26. In fact, the substantial overlap in services, potential customers, and geographic area of operation has already created actual customer confusion through customer inquiries about the relationship of affiliation between Plaintiff and Defendants. There have been additional instances of confusion, such as, in 2024, when an insurance agent was shopping for policies for Defendants and mistakenly used all of Plaintiff's contact information because of the confusingly similar nature of these businesses and the overlap of their online presence. That likelihood of confusion will only increase as long as both companies are vying for similar jobs in the Kansas City area.

27. Additionally, the value of the "Anchor Remodel" Mark, artfully conveying stability in home remodeling and construction, has been and continues to be significantly harmed by the infringing operation of Defendants.

**D. Anchor Remodel Attempts to Resolve this Dispute.**

28. As soon as Plaintiff became aware of the use of the confusingly similar "Anchor Homes" Mark, it took action to resolve the issue.

29. On June 26, 2023, Plaintiff sent a letter to Defendants, notifying them of the impermissible use of Plaintiff's Mark.

30. Defendants refused to engage at that time. As a result, Plaintiff then sent a cease-and-desist letter on September 18, 2023.

31. Thereafter, Plaintiff continued to pursue the protection of its intellectual property by attempting to contact Defendants directly. However, Plaintiff had difficulty locating Defendants and, when they were located, no response from Defendant was received.

9

32. Defendants' presence, including through social media, increased substantially in early 2026. The increased activity emphasized the harm to Plaintiff's Mark and, as a result, Plaintiff pursued legal help.

33. On June 2, 2026, Plaintiff sent a letter to Defendant reaffirming the demand that Defendants immediately cease and desist all infringing use of the registered Mark.

34. In the interest of resolving this issue without the need for litigation, Plaintiff reached out to Defendants to discuss the termination of the infringing use.

35. Defendants consistently refused to engage in any meaningful discussion of the trademark infringement. As a result, Plaintiff now brings suit to defend its registered Mark.

## COUNT I – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF LANHAM ACT SECTION 43(A), 15 U.S.C. § 1125(A)

36. Plaintiff reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 35 as if fully set forth herein.

37. Since February 4, 2022, Plaintiff has used the "Anchor Remodel" Mark in performing services in Kansas City, Missouri, Kansas City, Kansas, and the surrounding area. Through this use, the Mark has acquired significance in the minds of the public, identifying Plaintiff as the sole source of the services offered and representing the quality craftsmanship, excellent customer service, and disciplined execution associated with the brand.

38. As a result of Plaintiff's continuous and exclusive use of the "Anchor Remodel" Mark beginning in February 2022, including extensive advertising, promotion, and recognition among consumers throughout the Kansas City metropolitan area on both sides of the state line, Plaintiff owns a valid and protectable mark, with priority over any subsequent users, and valuable common-law trademark rights related to the "Anchor Remodel" Mark.

39. After Plaintiff's first use of the Mark, Defendants began using the Infringing Mark, "Anchor Homes," which is a reproduction, copy, and/or colorable imitation of Plaintiff's Mark, "Anchor Remodel."

40. Defendants used the Infringing Mark in commerce within Kansas City, Missouri, Kansas City, Kansas, and the surrounding area. At all times, Defendants acted with full knowledge of Plaintiff's use of the Mark, Plaintiff's statutory and common law rights to the Mark, and without regard to the likelihood of confusion of the public created by those activities.

41. Defendants used the Infringing Mark in commerce in connection with the sale, offer for sale, and advertising of home remodeling and construction services to consumers in Kansas City, Missouri, Kansas City, Kansas, and the surrounding area.

42. On information and belief, Defendants have also used the Infringing Mark on labels, signs, prints, packages, wrappers, receptacles, or advertisements in connection with the sale, offer for sale, and advertising of home remodeling and construction services in Kansas City, Missouri, Kansas City, Kansas, and the surrounding area.

43. The use of the Infringing Mark is likely to cause confusion, mistake, and/or to deceive as to the source, affiliation, connection, or association between Plaintiff and Defendants as to the origin, sponsorship, or approval of Defendants' services in violation of the Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

44. The use of the Infringing Mark has caused actual customer confusion in Kansas City, Missouri, Kansas City, Kansas, and the surrounding area.

45. Defendants' wrongful use of the Infringing Mark is a deliberate, intentional, and willful attempt to injure Plaintiff's business, to trade on its business reputation, to palm off or pass off Defendants' services as coming from Plaintiff, and/or to confuse and deceive customers. Defendants have been and are likely to continue to be unjustly enriched by their

11

infringing conduct.

46. Since 2022, Defendants have been aware of the infringement through Plaintiff's express warnings, demonstrating that Defendants have acted intentionally, willfully, and with malicious intent to trade on the goodwill associated with Plaintiff's Mark.

47. As a direct and proximate result of the foregoing acts of infringement, Plaintiff has been and will continue to be actually damaged in the form of lost revenues and profits. In addition, Plaintiff has been and will continue to be irreparably harmed by diminished goodwill, ongoing loss of control over its reputation, and the diminished capacity of its Mark to act as a single source identifier.

48. Plaintiff has no adequate remedy at law, because its Mark represents to the public Plaintiff's identity, reputation, and goodwill and the source of its goods and services. Money damages alone cannot fully compensate Plaintiff for the harm caused by Defendants' misconduct.

49. Unless enjoined by the Court, Defendants will continue to use and infringe the Mark to Plaintiff's irreparable injury.

50. As a result of Defendants' infringing acts, Plaintiff requests and is entitled to injunctive relief under Lanham Act Section 34, 15 U.S.C. § 1116, as well as actual damages, enhanced damages, Defendants' profits, and costs, including attorneys' fees, for infringement under Lanham Act Section 43(a), 15 U.S.C. §§ 1117 and 1125(a).

## COUNT II – MISSOURI STATUTORY TRADEMARK INFRINGEMENT

51. Plaintiff reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 35 as if fully set forth herein.

52. Plaintiff owns the registered Mark "Anchor Remodel" (MO S021892) and the goodwill attendant therewith.

53. Since February 4, 2022, Plaintiff has used the "Anchor Remodel" Mark in

12

performing services in Kansas City, Missouri and the surrounding area. As a result of this usage, the Mark has acquired significance in the minds of the public by representing home remodeling services that provide quality craftsmanship, excellent customer service, and disciplined execution.

54. After Plaintiff's first use of the Mark, Defendants began using the Infringing Mark, through the use of the trade name "Anchor Homes" which is a reproduction, copy, and/or colorable imitation of the registered Mark MO S021892.

55. Defendants used the Infringing Mark within Kansas City, Missouri and the surrounding area and, at all times, Defendants acted with full knowledge of Plaintiff's use of the Mark, Plaintiff's statutory and common law right to the Mark, and without regard to the likelihood of confusion of the public created by those activities.

56. Defendants used the Infringing Mark in connection with the sale, offer for sale, and advertising of home remodeling and construction services to consumers in the Kansas City, Missouri metro and the surrounding area.

57. On information and belief, Defendants have also used the Infringing Mark on labels, signs, prints, packages, wrappers, receptacles, or advertisements in connection with the sale, offer for sale, and advertising of home remodeling and construction services in the Kansas City, Missouri metro and the surrounding area.

58. On information and belief, Defendants have misappropriated Plaintiff's Mark for the purpose of confusing customers and benefitting from the goodwill and name recognition established by Plaintiff.

59. The use of the Infringing Mark is likely to cause confusion, mistake, and/or to deceive as to the source of origin of the services in violation of Mo. Ann. Stat. § 417.056, causing the mistaken belief that Plaintiff's business, Anchor Remodel, and Defendants' business, Anchor Homes, are affiliated.

13

60. The use of the Infringing Mark has caused actual customer confusion in the Kansas City, Missouri metro and the surrounding area.

61. Defendants' wrongful use of the Infringing Mark is a deliberate, intentional, and willful attempt to injure Plaintiff's business, to trade on its business reputation, to palm off or pass off Defendants' services as coming from Plaintiff, and/or to confuse and deceive customers. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

62. Since 2022, Defendants have been aware of the infringement through Plaintiff's express warnings, demonstrating that Defendants have acted intentionally, willfully, and with malicious intent to trade on the goodwill associated with Plaintiff's Mark.

63. As a direct and proximate result of the foregoing acts of infringement, Plaintiff has been and will continue to be actually damaged in the form of lost revenues and profits. In addition, Plaintiff has been and will continue to be irreparably harmed by diminished goodwill, ongoing loss of control over its reputation, and the diminished capacity of its Mark to act as a single source identifier.

64. Plaintiff has no adequate remedy at law, because its Mark represents to the public Plaintiff's identity, reputation, and goodwill and the source of its goods and services. Money damages alone cannot fully compensate Plaintiff for the harm caused by Defendants' misconduct.

65. Unless enjoined by the Court, Defendants will continue to use and infringe the Mark to Plaintiff's irreparable injury.

66. As a result of Defendants' infringing acts, Plaintiff requests and is entitled to injunctive relief as well as actual damages, enhanced damages, Defendants' profits, and costs, including attorneys' fees, pursuant to Mo. Ann. Stat. § 417.061.

## COUNT III – KANSAS STATUTORY TRADEMARK INFRINGEMENT

14

67. Plaintiff reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 35 as if fully set forth herein.

68. Plaintiff owns the registered Mark "Anchor Remodel" (KS 19778) and the goodwill attendant therewith.

69. Since April 22, 2022, Plaintiff has used the "Anchor Remodel" Mark in performing services in Kansas City, Kansas and the surrounding area. As a result of this usage, the Mark has acquired significance in the minds of the public by representing home remodeling services that provide quality craftsmanship, excellent customer service, and disciplined execution.

70. After Plaintiff's first use of the Mark, Defendants began using the Infringing Mark, through the use of the trade name "Anchor Homes" which is a reproduction, copy, and/or colorable imitation of the registered Mark KS 19778.

71. Defendants used the Infringing Mark within Kansas City, Kansas and the surrounding area and, at all times, Defendants acted with full knowledge of Plaintiff's use of the Mark, Plaintiff's statutory and common law right to the Mark, and without regard to the likelihood of confusion of the public created by those activities.

72. Defendants used the Infringing Mark in connection with the sale, offer for sale, and advertising of home remodeling and construction services to consumers in the Kansas City, Kansas metro and the surrounding area.

73. On information and belief, Defendants have also used the Infringing Mark on labels, signs, prints, packages, wrappers, receptacles, or advertisements in connection with the sale, offer for sale, and advertising of home remodeling and construction services.

74. On information and belief, Defendants have misappropriated Plaintiff's Mark for the purpose of confusing customers and benefitting from the goodwill and name recognition established by Plaintiff.

15

75. The use of the Infringing Mark is likely to cause confusion, mistake, and/or to deceive as to the source of origin of the services in violation of Kan. Stat. Ann. § 81-213, causing the mistaken belief that Plaintiff's business, Anchor Remodel, and Defendants' business, Anchor Homes, are affiliated.

76. The use of the Infringing Mark has caused actual customer confusion in the Kansas City, Kansas metro and the surrounding area.

77. Defendants' wrongful use of the Infringing Mark is a deliberate, intentional, and willful attempt to injure Plaintiff's business, to trade on its business reputation, to palm off or pass off Defendants' services as coming from Plaintiff, and/or to confuse and deceive customers. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

78. Since 2022, Defendants have been aware of the infringement through Plaintiff's express warnings, demonstrating that Defendants have acted intentionally, willfully, and with malicious intent to trade on the goodwill associated with Plaintiff's Mark.

79. As a direct and proximate result of the foregoing acts of infringement, Plaintiff has been and will continue to be actually damaged in the form of lost revenues and profits. In addition, Plaintiff has been and will continue to be irreparably harmed by diminished goodwill, ongoing loss of control over its reputation, and the diminished capacity of its Mark to act as a single source identifier.

80. Additionally, Plaintiff has no adequate remedy at law, because its Mark represents to the public Plaintiff's identity, reputation, and goodwill and the source of its goods and services. Money damages alone cannot fully compensate Plaintiff for the harm caused by Defendants' misconduct.

81. Unless enjoined by the Court, Defendants will continue to use and infringe the Mark to Plaintiff's irreparable injury.

16

82. As a result of Defendants' infringing acts, Plaintiff requests and is entitled to injunctive relief as well as actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to Kan. Stat. Ann. § 81-215.

## COUNT IV – MISSOURI COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

83. Plaintiff reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 35 as if fully set forth herein.

84. Since February 4, 2022, Plaintiff has used the "Anchor Remodel" Mark in performing services in Kansas City, Missouri and the surrounding area. As a result of this usage, the Mark has acquired significance in the minds of the public by representing home remodeling services that provide quality craftsmanship, excellent customer service, and disciplined execution.

85. Plaintiff's continuous and exclusive use of the "Anchor Remodel" Mark beginning in February 2022, including extensive advertising, promotion, and recognition among consumers throughout the Kansas City, Missouri metro and the surrounding area, has created valuable common-law trademark rights in the Anchor Remodel Mark.

86. After Plaintiff's first use of the Mark, Defendants began using the Infringing Mark, "Anchor Homes," which is a reproduction, copy, and/or colorable imitation of Plaintiff's Mark, "Anchor Remodel."

87. Defendants used the Infringing Mark within Kansas City, Missouri and the surrounding area. At all times, Defendants acted with full knowledge of Plaintiff's use of the Mark, Plaintiff's statutory and common law right to the Mark, and without regard to the likelihood of confusion of the public created by those activities.

88. Defendants used the Infringing Mark in connection with the sale, offer for sale, and advertising of home remodeling and construction services within Kansas City, Missouri and the surrounding area.

89. On information and belief, Defendants have also used the Infringing Mark on labels, signs, prints, packages, wrappers, receptacles, or advertisements in connection with the sale, offer for sale, and advertising of home remodeling and construction services within Kansas City, Missouri and the surrounding area.

90. On information and belief, Defendants have misappropriated Plaintiff's Mark for the purpose of confusing customers and benefitting from the goodwill and name recognition established by Plaintiff.

91. The use of the Infringing Mark is likely to cause confusion, mistake, and/or to deceive as to the source of Defendants' services causing confusion as to the origin of services and the mistaken belief that Plaintiff's business, Anchor Remodel, and Defendants' business, Anchor Homes, are affiliated.

92. The use of the Infringing Mark has caused actual customer confusion within Kansas City, Missouri and the surrounding area.

93. Defendants' wrongful use of the Infringing Mark is a deliberate, intentional, and willful attempt to injure Plaintiff's business, to trade on its business reputation, to palm off or pass off Defendants' services as coming from Plaintiff, and/or to confuse and deceive customers. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

94. Since 2022, Defendants have been aware of the infringement through Plaintiff's express warnings, demonstrating that Defendants have acted intentionally, willfully, and with malicious intent to trade on the goodwill associated with Plaintiff's Mark.

18

95. As a direct and proximate result of the foregoing acts of unfair competition, Plaintiff has been and will continue to be actually damaged in the form of lost commercial opportunities and lost profits. In addition, Plaintiff has been and will continue to be irreparably harmed by diminished goodwill, ongoing loss of control over its reputation, and the diminished capacity of its Mark to act as a single source identifier.

96. Plaintiff has no adequate remedy at law, because its Mark represents to the public its identity, reputation, and goodwill and the source of its goods and services. Money damages alone cannot fully compensate Plaintiff for the harm occasioned by Defendants' misconduct.

97. Unless enjoined by the Court, Defendants will continue to use and infringe the Mark to Plaintiff's irreparable injury.

98. As a result of Defendants' infringing acts, Plaintiff requests and is entitled to injunctive relief as well as actual damages and punitive damages.

## COUNT V – KANSAS COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

99. Plaintiff reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 35 as if fully set forth herein.

100. Since April 22, 2022, Plaintiff has used the "Anchor Remodel" Mark in performing services in Kansas City, Kansas and the surrounding area. As a result of this usage, the Mark has acquired significance in the minds of the public by representing home remodeling services that provide quality craftsmanship, excellent customer service, and disciplined execution.

101. Plaintiff's continuous and exclusive use of the "Anchor Remodel" Mark beginning in February 2022, including extensive advertising, promotion, and recognition

among consumers throughout the Kansas City, Kansas metro and the surrounding area, has created valuable common-law trademark rights in the Anchor Remodel Mark.

102. After Plaintiff's first use of the Mark, Defendants began using the Infringing Mark, "Anchor Homes," which is a reproduction, copy, and/or colorable imitation of Plaintiff's Mark, "Anchor Remodel."

103. Defendants used the Infringing Mark within Kansas City, Kansas and the surrounding area. At all times, Defendants acted with full knowledge of Plaintiff's use of the Mark, Plaintiff's statutory and common law right to the Mark, and without regard to the likelihood of confusion of the public created by those activities.

104. Defendants used the Infringing Mark in connection with the sale, offer for sale, and advertising of home remodeling and construction services within Kansas City, Kansas and the surrounding area.

105. On information and belief, Defendants have also used the Infringing Mark on labels, signs, prints, packages, wrappers, receptacles, or advertisements in connection with the sale, offer for sale, and advertising of home remodeling and construction services within Kansas City, Kansas and the surrounding area.

106. On information and belief, Defendants have misappropriated Plaintiff's Mark for the purpose of confusing customers and benefitting from the goodwill and name recognition established by Plaintiff.

107. The use of the Infringing Mark is likely to cause confusion, mistake, and/or to deceive as to the source of Defendants' services causing confusion as to the origin of services and the mistaken belief that Plaintiff's business, Anchor Remodel, and Defendants' business, Anchor Homes, are affiliated.

108. The use of the Infringing Mark has caused actual customer confusion within Kansas City, Kansas and the surrounding area.

20

109. Defendants' wrongful use of the Infringing Mark is a deliberate, intentional, and willful attempt to injure Plaintiff's business, to trade on its business reputation, to palm off or pass off Defendants' services as coming from Plaintiff, and/or to confuse and deceive customers. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

110. Since 2022, Defendants have been aware of the infringement through Plaintiff's express warnings, demonstrating that Defendants have acted intentionally, willfully, and with malicious intent to trade on the goodwill associated with Plaintiff's Mark.

111. As a direct and proximate result of the foregoing acts of unfair competition, Plaintiff has been and will continue to be actually damaged in the form of lost commercial opportunities and lost profits. In addition, Plaintiff has been and will continue to be irreparably harmed by diminished goodwill, ongoing loss of control over its reputation, and the diminished capacity of its Mark to act as a single source identifier.

112. Plaintiff has no adequate remedy at law, because its Mark represents to the public its identity, reputation, and goodwill and the source of its goods and services. Money damages alone cannot fully compensate Plaintiff for the harm occasioned by Defendants' misconduct.

113. Unless enjoined by the Court, Defendants will continue to use and infringe the Mark to Plaintiff's irreparable injury.

114. As a result of Defendants' infringing acts, Plaintiff requests and is entitled to injunctive relief as well as actual damages and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in its favor and that:

A. The Court award Plaintiff all damages and other monetary relief available as a result of Defendants' wrongful conduct, such damages and monetary relief including, but not

21

limited to, actual damages, lost profits, Defendants' profits, treble damages, and attorneys' fees, costs, and all other monetary relief available under Lanham Act Section 43(a), 15 U.S.C. § 1125(a), Mo. Ann. Stat. §§ 417.056, 417.061, and 417.066 and Missouri common law, and Kan. Stat. Ann. §§ 81-213 and 81-215 and Kansas common law;

B.      Based on Defendants' repeated, willful and deliberate infringement of Plaintiff's Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

C.      This Court enter injunctive relief ordering Defendants, and their successors, assigns, affiliates, employees, partners, and anyone acting in concert with them or at their behest or direction, to:

(1)      Cease all use of the Infringing Marks, any confusingly similar marks, and similar domain names;

(2)      Refrain from doing any other act or thing likely to induce the belief that Defendants' businesses, services or commercial activities are in any way legitimately connected with or sponsored, licensed, endorsed, or approved by Plaintiff;

(3)      Deliver up for destruction all goods, labels, signs, brochures, prints, promotional materials, advertisements, packaging, manuals, inscriptions, and any and all other material of an infringing or unfair or deceptive nature in Defendants' possession, as well as all prints and other means of making the same;

(4)      Compensate Plaintiff for corrective advertisement to repair damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendants; and

(5)     For all persons or entities contacted by Defendants using the Infringing

Marks, send out corrective advertising informing said persons that

Defendants are not in any way affiliated with, sponsored by, or

connected with Plaintiff.

D.      The Court award Plaintiff such other and further relief, including costs, as this

Court deems just and equitable.


Dated: July 10, 2026

Respectfully submitted,

*/s/ MacGregor Greenlee*
Patrick C. Woolley, MO #46632
Jay E. Heidrick, MO #54699
MacGregor Greenlee, MO #75583
POLSINELLI PC
900 W. 48th Pl., Suite 900
Kansas City, MO  64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
pwoolley@polsinelli.com
jheidrick@polsinelli.com
mgreenlee@polsinelli.com

*Attorneys for Plaintiff Anchor Remodel LLC*

23